We concur.
David Johnson, Wm. Harper, Benj. F. Dunkin.
Note.—
The State of South Carolina, Charleston District.
IN EQUITY.
Samuel Porcher Gaillard vs. Wm. M. Porcher, Peter C. Porcher, Thos. Walter Peyre, Dr. Henry Ravenel, and Elizabeth C., his wife, Thos. Porcher, Isabella S. Porcher, Isaac M. Dwight and Martha M., his wife, Theodore S. Du-Bose and Jane S., his wife, P. Gaillard Stoney, and Anna Maria, his wife, Henry F. Porcher, Betsey S. Porcher, Octavas Porcher, Laura Ann Porcher, and Icaac DuBose Porcher.
BILL FOR CONSTRUCTION OF MARRIAGE SETTLEMENT AND RELIEF.

To the Honorable the Chancellors, in and far the said Slate :

Humbly complaining, sheweth unto your Honors, your Orator, Samuel Porcher Gaillard, that some time in the month of April, in the year of our Lord one thousand eight hundred and thirty, five, your Orator, being about to contract a marriage with Miss Mary M. Peyre, then a minor, entitled in her own right to a considerable real and personal estate, determined to execute a marriage settlement of her property, and gave instructions to that effect, to his *361 counsel, Messrs. Peronneau, Mazyck Findley, and the heads of the intended settlement were drawn up by Alexander Mazyck, Esquire, one of the said firm of Peronneau, Mazyck & Findley, in the words following, to wit: “Terms of a proposed marriage settlement, between Mr. Samuel Porcher Gaillard, and Miss Mary M. Peyre, of her property. 1. The property to be vested in trustees, for the use of the husband and wife, during their joint lives, not subject to the debts, contracts, or disposal of the husband. 2. If she survives him, then for her >use for life, not subject to the debts-, contracts, or disposal of any future husband, and at her death, to her issue, living at her' death; if no issue then subject to her will, and if no will, to her heirs at law. 3. If he survives her, then for his use for his life; and at his death, for the use of the issue of the marriage, if any, •living at the time of his death. 4. If he survives her, and dies leaving no issue of the marriage, living at his death, then, as to one half of the property, for the use of such persons as he shall appoint by his will — and if he make no appointment by will, then to his heirs at law; as to the other half, to her heirs at law, 5. The trustees to have power to sell, and invest in other property, subject to the same uses, with the consent of husband and wife, or the survivor, in writing. 6. Trustees to be changed with their consent, by writing, under the hand and seal of husband and wife, or the survivor. Trustees, William M. Porcher, Peter C. Porcher and Thomas Walter Peyre as in and by the original paper, -containing the heads of the said intended marriage settlement, in the handwriting of the said Alexander Mazyck, now in the hands of your Orator’s solicitors, and ready to be produced, for the inspection and satisfaction of this Honorable Court, reference being thereto had, will more fully appear. That your Orator’s said counsel, were instructed to draw up the said intended marriage settlement; in conformity-with the said heads, or terms thereof, hereinbefore stated and set forth ; find that your Orator, acting in the confidence, that his said instructions had been fully and strictly pursued, on the 16th day of April, 1835, entered into and duly executed, a certain bond or writing obligatory, by way of marriage settlement, wherein and whereby he became and was firmly held and *362 bound unto the said William M. Porcher, Peter C. Porcher,. and Thomas Walter Peyre, trustees for the said Mary M, Peyre, in the penal sum of $40,000, with a recital therein contained of the marriage then intended to be shortly had and solemnized, between your Orator and the said Mary M„ Peyre, and of the property, real and personal, of the said Mary M. Peyre, and with a condition thereunder written, that, as soon as the said Mary M, Peyre, should have attained the full age of twenty-one years, your Orator should well and sufficiently convey, transfer and assign the said property, real and personal, to the said trustees, and the survivor of them, and the heirs, executors, administrators and assigns, of such survivor, according to the nature of the property, in trust nevertheless. L “ During the joint lives of the said Samuel Porcher Gaillard, ánd the said Mary M. Peyre, his intended wife,” to “permit and suffer the said S. P. G. to receive, take and enjoy the rents, issues and profits of the same, and of every part thereof, for the purpose of maintaining the said M. M. P. and her children, but not to be liable for the debts, contracts or engagements of the said S. P. G.” 2. “ And from and after the death of the said M. M. P., should she die before the said S. P. G., leaving any child or children, grand-child or grand-children, living at her death, then, during the lifetime of the said S. P. G.” to “ permit and suffer the said S. P. G. to receive, take and enjoy, the rents, issues and profits of the same, but not to be liable to his debts, contracts or engagements.” 3. “ And from and after his death, then in trust to and for the use and behoof of such child or children, grand-child or grand-children, as shall be then living, his, her or their heirs, executors, administrators and assigns, if more than one as tenants in common, such grand-children standing in their parents’ stead, and taking between them, only their parents’ share.” 4. “But in case the said M. M. P. should die before the said S. P. G. leaving no issue living at her death, or in case she should leave any child or children, grand-child or grand-children, living at her death, and they should all die in the lifetime of 'the said S. P. G., unmarried and without issue, then, in trust, (1) as it regards one half of the said property, real and personal, to and for the use and behoof of such person or *363 persons, tlieir, bis, or her heirs, executors, administrators and assigns, as the said S. P. G. shall, by his last will and testament, to be executed, in the presence of three or more credible witnesses, appoint to take the same — and in default of such appointment, then to and for the use and behoof of the heirs at law, of the said S. P. G. their heirs, executors, administrators and assigns forever ; and, (2) as it regards the other moiety, or half of the said property, to and for the use and behoof of the heirs at law, of the said M. M. P., tbeir heirs, executors, administrators and assigns, forever;” with other uses and trusts, contemplating contingencies, that can now never happen, and others further carrying out the instructions aforesaid, none of which are at all material to the present controversy — all which, in and by the said bond and condition thereof, (in the handwriting of Henry 'W. Peronneau, Esquire, another of the said firm of Peronneau, Mazyck & Findley,) bearing date, the said 16th day of April, 1841, and duly recorded in the .offices of the Register of Mesne Conveyances, and Secretary of State, at Charleston, on the 1st day of June, thereafter, and now in the hands of your Orator’s solicitors, and ready to be produced, for the inspection and satisfaction of this Honorable Court, reference being thereto had, will more fully, and at large appear. And your Orator, further shews unto your Honors, that the said intended marriage was duly had and solemnized, between your Orator and the said Mary M. Peyre, who died on the — —day •of-, in the year of our Lord one thousand eight hundred and thirty-nine, leaving three children, namely, Harriet P. Gaillard, Francis P. Gaillard and Mary P. Gaillard, the issue of the said marriage, living^ at the time of her death, all of whom have since died, unmarried and without issue: That although your Orator’s said wife died, after having attained the full age of twenty-one years, no actual marriage settlement or conveyance, has ever been executed, in compliance with the condition of the said bond, but the property, real and personal, mentioned in the said bond .has undergone several mutations, and now stands in the names, or under the control of the said trustees, subject to the trusts set forth and declared in the said bond: That two of the contingencies, contemplated in the *364 said bond, namely, the death of your Orator’s late wife, and the death of all her children, left living at her death, in the lifetime of your Orator occurred, it becomes important to your Orator to have his rights and interests adjudicated, under the terms and trusts of the bond aforesaid; and, although he is fully aware, that his counsel aforesaid never intended any substantial departure from his instructions aforesaid, in drawing the said bond — yet, from abundant caution, as there are literal, and may be substantial variations, between the said instructions, and the terms of the said bond, your Orator claims the right of having the terms and trusts of the said bond made strictly to conform to the said instructions, in whatever particulars the two may substantially differ : That at the time of the death of your Orator’s late wife, her heirs at law, or distributees, were your Orator, and her three children, since deceased, as aforesaid, and your Orator is their sole heir at law; and if the heirs at law, of your Orator’s late wife, within the meaning of the said bond, are to be fixed at the time of her death, then your Orator claims, as her sole surviving heir at law, and the sole surviving heir at law, other children also, to be entitled to the whole of the said trust property, real and personal, absolutely and free, and discharged from the control of the said trustees ; but if the heirs at law, of your Orator’s late wife, are to be fixed at the time of the death of this late surviving child, then your Orator submits, that he is entitled absolutely to one moiety or half of the said trust property, under the express terms of the said bond, and to two-thirds of the other half, or moiety of the said trust property, as favored heir at law, or distributee of his said deceased wife, under the Act of Assembly of this State, for the distribution of intestate’s estates, she having, besides your Orator, left no nearer kindred, then living, than paternal and maternal uncles, of the whole and half blood; and in such case, your Orator claims to be entitled absolutely to five-sixths of the said trust property, free from the control of the said trustee? ; and to a life estate in the remaining one-sixth thereof, which, after his death, will devolve on the said uncles and aunts of your Orator’s late wife, or their respective legal representatives. That the said paternal and maternal uncles and aunts of *365 your Orator’s .late wife, are Thomas Porcher, Elizabeth C. Ravenel, wife of Dr. Henry Ravenel, (maternal uncle and aunt of the whole blood,) Isabella S. Porcher, widow of William Porcher, deceased, and the said Thomas Walter Peyre, (paternal uncle and aunt of the half blood,) Martha M. Dwight, wife of Isaac M. Dwight, Jane S. Du-Bose, wife of Theodore S. DuBose, Anna Maria Stoney, wife of P. Gaillard Stoney the said Peter 0. Porcher, Henry F. Porcher, Betsey S. Porcher, a minor, Octavus Porcher, a minor, Laura Ann Porcher, á minor, and Isaac DuBose Porcher, a minor, (maternal aunts and uncles of the half blood.) And your Orator further shews, unto your Honors, that he has frequently applied in person, and by his agents, to the said trustees, to convey and assign to him, as his absolute property, the whole, or five-sixths of the said trust property, or such portion thereof, as he may be justly and legally entitled to, as his in absolute right, under the terms and trusts of the said bond ; and your Orator well hoped, that such, his reasonable request, would have been complied with : But now, so it is, may it please your Honors, that the said trustees absolutely refuse to comply with your Orator’s request; at times pretending that they have the right still to hold and control, as trustees aforesaid, the whole of the said property; and at others, that the heirs at law, of your Orator’s deceased wife, within the meaning of the terms and trusts of the bond, can only be fixed at the time of your Orator’s death; and that your Orator can, therefore, claim only a life estate, and no absolute interest at all, in any portion of the moiety of the said property, limited to the said heirs at law, of your Orator’s said deceased wife ; in other words, that your Orator can, in no event, answer the description of heir at law, to his said disceased wife, within the meaning of the terms and trusts of the said bond; whereas, your Orator insists, that the contingency, on the happening of which the said moiety was to go over to the heirs at law, of his said wife, if not her death, was the death of her last surviving child, unmarried and without issue, and that the designation or fixing of her heirs at law cannot be protracted beyond that period, within the meaning of the said bond, and that your Orator, does therefore answer the *366 description of “ heir at law,” within the meaning of the said bond, entitled to two-thirds of the moiety in question. In tender consideration whereof, and forasmuch as your Orator is remediless at law, in the premises, and relieva-ble only in equity, where matters of this nature are properly cognizable and relievable: To the end, therefore, that the defendants hereinafter named, may answer the premises, (such of them, as are minors by proper guardians,) on their oaths, fully and particularly, and that the said trustees, may be decreed to surrender up and convey to your Orator, absolutely and free, and discharged from their control, as trustees, the ivhole of the said trust property, or such portion thereof, as your Honors may hold your Orator absolutely entitled to and for such further and other relief, as to your Honors, may seem meet: May it please your Honors, to grant nnto your Orator the writ of subpoena,, to be directed to the said William M. Porcher, Peter 0. Porcher, Thomas Walter Peyre, Thomas Por-cher, Dr. Henry Ravenel, and Elizabeth C. his wife, Isabella S. Porcher, Isaac M. Dwight, and Martha M. his wife, Theodore S. DuBose, and Jane S. his wife, P. Gail-lard Stoney, and Anna Maria, his wife, Henry F. Porcher, Betsey S. Porcher, Octavus Porcher, Laura Ann Porcher, and Isaac DuBose Porcher, commanding them; and each of them, at a certain day, and under a certain pain, therein to be inserted, personally to be and appear before yonr Honors, in this Honorable Court, and then and there full, true, direct and perfect answer to make, to all and singular the premises, and to stand, perform and abide such further order, direction and decree therein, as to your Honors shall seem meet.
Yeadon & Macbeth,

Complainant's Solicitor's.

The State of South Carolina, Charleston District, Fourth Circuit.
IN EQUITY.
Wm. M. Porcher, P. C. Porcher, T. W. Peyre, Dr. H. Ravenel, and Elizabeth C. his wife, Thomas Porcher, Isabella S. Porcher, I M. Dwight, and Martha M., Ms wife, T. *367 & DuBose, and Jane S., his wife, P. G, Stoney, and Anna, M. his wife, H. F. Porcher, Betsey Porcher, Octavus Porcher, Laura A. Porcher, and I. DuBose Porcher, ads. Samuel P. Gaillard.

The answers of William M. Porcher, Peter C. Porcher, Thomas Walter Peyre, Henry Ravenel, and Elizabeth C., his wife, Thomas Porcher, Issabella S. Porcher, Isaac M, Dwight, and Martha M., his wife, Theodore S. DuBose, and Lane S., his wife, P. Gaillard Stoney, and Anna Maria, his wife, and Henry F. Porcher, and of Betsey S. Porcher, Octavus Porcher, Laura Ann Porcher, and I. DuBose Por-cher, infants, by their Guardian ad litem, Thomas Porcher, to the bill of Complaint, of Samuel Porcher Gaillard.

These defendants now, and at all times hereafter, saving and reserving to themselves all manner of advantage, that may he had or taken of any errors in the said bill of complaint, by way of exception or otherwise, severally answering, say, that is to say, these defendants, William M. Porcher, Peter C. Porcher, and Thomas Walter Peyre, for themselves, say, they admit that the said complainant did, at or about the time, in that behalf mentioned, make and execute his certain bond by way of marriage settlement, whereby he became bound to these defendants, in the penalty, and to the effect set forth, in his said bill; but these defendants know nothing, of their own knowledge, as to the instructions given by the said complainant, to his solicitors, for preparing the said marriage settlement bond, though they believe the statement in the said bill, in that behalf, to be true. They further admit, that the said complainant did intermarry with the said Mary M. Peyre, and that she died at or about the time, in that behalf mentioned, and left three children, named in the said bill, the issue of the said marriage, all of whom have since died unmarried, and without issue. They further admit, that no actual marriage settlement or conveyance has been executed, but that a part of the property mentioned in the said bond, has been changed, and now stands in the name of these defendants, subject to the trusts set forth in the condition of the said bond; and they further say, that the said complainant has had the full use and enjoyment of the said *368 estate ever since his said marriage, without any hindrance or interference, whatsoever, of these defendants, but they have declined to transfer or assign to him the property, standing in their name, in trust, as aforesaid, or any part thereof, or to cancel or release the said bond, because they are advised, that they could not do so with safety to themselves and justice to others, inasmuch as, by the terms of the said marriage settlement bond, and by the events which have occurred, the said estate is to remain in trust, for the use of the said complainant, for his life, and after his death, then as to one moiety thereof, for such person as he shall appoint by his last will, and in default of such appointment, for his heirs at law; and as to the other moiety for such persons as shall, at the time of the said complainant’s death, answer the description of heirs at law, of his said deceased wife.
And these defendants, Henry Ravenel, and Elizabeth C., his wife, Thomas Porcher, Isabella S. Porcher, Isaac M. Dwight, and Martha M., his wife, Theodore S. DuBose, and Jane S. his wife, P. Gaillard Stoney, and Anna Maria, his wife, and Henry F. Porcher, for themselves, say, that they know nothing of their own knowledge, of any of the matters stated in the said bill, except that the said complainant did intermarry with the said Mary M. Peyre, that she died, leaving three children, named in the said bill, the issue of the said marriage, -all of whom have since died, unmarried, and without issue, and that these defendants, Elizabeth C., Thomas, Isabella S., Martha M., Jane S., Anna Maria and Henry F., and the said Peter C., Betsey S., Octavus, Laura Ann and I. DuBose Porcher, are the uncles and aunts of the said Mary M., but these defendants believe, that the other matters stated in the said bill are true, and if the said defendants have any rights or interests, in the premises, present, or in expectancy, they submit the same to the consideration of this Honorable Court.
And these defendants, Betsey S. Porcher, Octavus Por-cher, Laura Ann Porcher, and I. DuBose Porcher, say, they are infants of tender years, and strangers to the matters in the said bill stated, and they submit their rights *369 and interests in the premises, to the judgment and protection of this Honorable Court.
And all the defendants above named, pray to be hence dismissed, with their reasonable costs and charges, and so forth.
Peronneau, Mazyck & Findley.

Defendants Solicitors.